**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHANE LEE SHEPLER, | ) | |
| | ) | Civil Action No. 2: 13-cv-00521 |
| Plaintiff, | ) | |
| | ) | United States District Court Judge |
| v. | ) | Cathy Bissoon |
| | ) | |
| JEFFERSON COUNTY JAIL BOARD | ) | United States Magistrate Judge |
| MEMBER and WARDEN THOMAS | ) | Cynthia Reed Eddy |
| ELBEL, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

## I.      RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Partial Motion to Dismiss filed by Defendants (ECF No. 27) be granted with prejudice with respect to Plaintiff's failure to protect claim and granted without prejudice with respect to Plaintiff's condition of confinement claim. It is further recommended that Plaintiff be given thirty (30) days to amend his complaint. If Plaintiff fails to amend his complaint, it is recommended that Defendants' partial motion to dismiss be granted with prejudice in its entirety.

## II.     REPORT

### A.  Relevant and Material Facts[1]

This case stems from events which occurred during Plaintiff Shane Lee Shepler's incarceration at the Jefferson County Jail.[2] Plaintiff brings this lawsuit *pro se* under 42 U.S.C. §

---

[1] As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.

[2] The Complaint is vague as to the duration of time and  status at the time that Plaintiff was confined in the Jefferson County Jail. The Court takes judicial notice that Plaintiff had been convicted of terroristic threats and simple assault in the Court of Common Pleas of Jefferson

1983 against an unnamed Jefferson County Board Member[3] and the Warden of Jefferson County Jail, Thomas Elbel. On July 9, 2013, Plaintiff was granted leave to proceed in forma pauperis. *See* ECF No. 9.

Plaintiff's nine-page handwritten Complaint (ECF No. 10) does not specify his causes of action and contains no paragraphs. The Complaint also does not specify what relief is sought other than to "make the Jefferson County start following the rules." (Complaint at ¶ VI.) From a review of the Complaint, it is not entirely clear what claims are being asserted. Nevertheless, it seems to indicate that he wishes to assert four (4) separate claims: (i) a claim for failure to protect him from being harassed by other inmates; (ii) a claim about various conditions of confinement; (iii) a claim that Warden Elbel retaliated against him for writing to the ACLU and the Pennsylvania Prison Society; and (iv) a claim that he wrote to Jail Board Member Moon who never wrote him back.[4]

According to the Complaint, on March 1, 2013, Plaintiff was "threatened and harassed" by other inmates at the Jefferson County Jail. The Complaint states that Plaintiff wrote a request slip to Warden Elbel asking him to look at "the tapes" believing that they would show another inmate kicking in his cell door and that he also sent a letter to Warden Elbel alleging that he had

County, and was given probation and was on parole for convictions in two other cases, Docket Nos. CP-33-CR-538-0207 and CP-33-CR-540-207. It appears that on September 22, 2011, Plaintiff's probation was revoked and he was recommitted to the Jefferson County Jail for the remainder of his sentence. Plaintiff is no longer incarcerated in the Jefferson County Jail and is now incarcerated at SCI Albion.

[3] Although not named in the caption of the Complaint, in the body of the Complaint, the Board Member is referred to as "Board Member Moon."

[4] Plaintiff has also filed a number of documents which the Court will consider "supplements" to his Complaint, *to wit:* (i) Letter filed April 12, 2013 (ECF No. 3); (ii) Letter filed April 23, 2013 (ECF No. 4); (iii) Exhibits in support of Complaint filed August 5, 2013 (ECF No. 18); (iv) "Brief in Support of Complaint" filed October 9, 2013 (ECF No. 33); and (v) "Brief in Support of Complaint" filed October 25, 2013 (ECF No. 35).

been harassed by fellow inmates. In response to his letter, Warden Elbel sent a "Sergeant" to speak to Plaintiff and asked if he wanted to be placed in protective custody. Plaintiff refused protective custody and told the Sergeant that he had filed a request slip asking the warden to review "the tapes." Complaint at 4.

An inmate overheard Plaintiff's conversation with the Sergeant and told other inmates about Plaintiff's request for the Warden to review "the tapes." Inmates then removed Plaintiff's request slip out of the request slip box and allegedly made plans to "jump" him while he was in the shower. *Id.* at 5. The next day, Plaintiff claims that he again wrote Warden Elbel to inform him that inmates were continuing to harass and threaten him. Once again, Plaintiff was offered protective custody. This time he accepted the offer and was moved to protective custody. Afterwards, each of the inmates who were involved in harassing Plaintiff was disciplined. *Id.*

Next, the Complaint asserts a myriad of complaints about Plaintiff's conditions of confinement while in Jefferson County Jail. Shepler claims that his cell block had one toilet, one shower, and two sinks for twenty-two (22) inmates. *Id.* at 2. Plaintiff was concerned about the cleanliness of the toilet as cleaning chemicals were not allowed to be stored in the cell block. Plaintiff also claims that he was housed in the day room for six (6) weeks, which was loud and lacked privacy. *Id.* at 2-3. Additionally, through his Complaint, Plaintiff states that he believes he could have been exposed to disease, including HIV, as a result of the procedure for distributing razors in the jail.

Plaintiff also takes issue with the weekly distribution of fresh bar soap and rolls of toilet paper. In his opinion, the distribution should be more frequent. Plaintiff also objects to having to stand at attention during roll call.

The Complaint also describes a single occasion during which Plaintiff alleges that his meal was served in an unsanitary manner. Specifically, the Complaint states that Plaintiff saw mold growing on the corner of his food tray. He notified a sergeant who looked at the tray and said "this will not happen again I will make sure of it." *Id.* at 3.[5] The Complaint also states that while Plaintiff was on the night cleaning staff at the jail, he had to clean up after an inmate who, because of a medical condition, lost control of his bowels and soiled himself, and the jail provided no protective clothing for Plaintiff to use during the clean up.

The Complaint also contains an allegation that Warden Elbel placed Plaintiff in the restrictive housing unit in retaliation for Plaintiff writing to the ACLU and the Pennsylvania Prison Society.

The final allegation of the Complaint is that Plaintiff "wrote to Broad (sic) Member Moon and Moon never wrote me back." *Id.* at 2.

Through his letter supplements, Plaintiff appears to be raising two additional allegations: (i) the "mandatory recreation yard" had no restroom or water, ECF No. 3, and that he was placed in protective custody "with an inmate who was on protective custody - but I was doing time for being wrote up . . . ." ECF No. 4.

Presently pending is the Partial Motion to Dismiss filed Defendants (ECF No. 27), with brief in support (ECF No. 28), in which Defendants move to dismiss all of Plaintiff's claims with the exception of his First Amendment retaliation claim. Plaintiff filed a Brief in opposition (ECF No. 31). This matter is ripe for disposition.

---

[5] Under certain circumstances, a substantial deprivation of food can constitute a constitutional violation. However, without evidence that spoiled food was frequently served an inmate plaintiff cannot establish a constitutional violation. *Brown v. Sobina*, 2009 WL 5173717, *6-7 (W.D. Pa. Dec. 29, 2009). Noting that there is no claim by Plaintiff that he actually received a meal that was spoiled or that he was sickened from eating food which was delivered in an unsafe manner, the Court finds a viable constitutional claim has not been stated.

**B. Standard of Review for Motion to Dismiss**

1.     *Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a section 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).[6]  *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting

---

[6]   The Court of Appeals for the Third Circuit has explained the liberal construction of pro se pleadings, as follows:

> The federal rules do not adhere to the ancient principle that a pleading must be construed most strongly against the pleader.  Nor do the federal courts require technical exactness or draw refined inferences against the pleader; rather, they make a determined effort to understand what he is attempting to set forth and to construe the pleading in his favor, whenever justice so requires.  This is particularly true when a court is dealing with a complaint drawn by a layman unskilled in the law.  In these cases, technical deficiencies in the complaint will be treated leniently and the entire pleading will be scrutinized to determine if any legally cognizable claim can be found within it.

*Lewis v. Attorney General of U.S.,* 878 F.2d 714, 722 (3d Cir. 1989) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1286, at 381-84 (1969)).

*Higgins,* 293 F.3d at 688).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997).  *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same).  Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.  *See, e.g., Taylor v. Books A Million, Inc*., 296 F.3d 376, 378, (5th Cir. 2002).

Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

2.     *Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint.  When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. 554, 555 (2007).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint -

regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

### C.     Discussion and Analysis

Plaintiff's complaint asserts liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must meet two threshold requirements. The plaintiff must set forth factual allegations that: (i) the alleged misconduct was committed by a person acting under color of state law; and (ii) as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988). In considering Defendants' partial motion to dismiss, the Court will examine Plaintiff's Complaint to determine whether he has alleged facts sufficient to satisfy these threshold requirements.

Under the Eighth Amendment, prisoners are constitutionally protected from cruel and unusual punishment. *Farmer v. Brennan,* 511 U.S. 825 (1991). *Allah v. Ricci*, -- F. App'x --, 2013 WL 3816043 (3d Cir. July 24, 2013). However, not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights. *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981); *Booth v. King*, 228 F. App'x 167, 171 (3d Cir. 2007). Cruel and unusual punishment will only be found "where, viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination, deprive him of the minimal civilized measure of life's necessities." *Id.* (quoting *Tillery v. Owens*, 907 F.2d 418, 426–27 (3d Cir. 1990)).

In the non-medical context, the Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive

adequate food, clothing, shelter, and medical care, and must "take reasonable measure to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984).  To assert an Eighth Amendment conditions of confinement claim, a prisoner must satisfy both an objective and subjective test.  *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Specifically, a prisoner must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities."  *Farmer,* 511 U.S. at 834. A prisoner must also demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety.  *Id.*  However, only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement.  *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

 "Prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause."  *Farmer,* 511 U.S. at 845.  With this standard in mind, the Court turns to the allegations of Plaintiff's Complaint.

1.     Eighth Amendment Failure to Protect Claim

As mentioned *supra,* the Complaint is far from a model of clarity as it lacks specificity in its details.  Nevertheless, to the extent Plaintiff is alleging that Defendants failed to protect him against  verbal harassment and threats of physical harm from other inmates, the claim fails.  As explained by the Court of Appeals for the Third Circuit:

> In order to state an Eighth amendment claim for failure to protect, a plaintiff must sufficiently allege that prison officials were deliberately indifferent to his health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To be deliberately indifferent, a prison official must both 'know [] of and disregard an excessive risk to inmate health or safety. *Id*. at 837.  This standard is subjective, not objective, 'meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware.' *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001).

*Carter v. Lawler,* 446 F. App'x 420, 423 (3d Cir. 2011). *See also Zuniga Hernandez v. Unknown Officer*, 433 F. App'x 56 (3d Cir. 2011).

Consequently, in order to succeed on a failure to protect claim, an inmate must demonstrate that prison officials acted with deliberate indifference to a substantial risk of serious harm. *Nifas v. Coleman,* 2013 WL 2631589 (3d Cir. June 13, 2013) (citing *Beers-Capitol,* 256 F.3d at 125). Additionally, claims based on statements qualifying as threats of future harm are, by definition, speculative and, thus, not cognizable in a § 1983 action. "Speculation as to what might or might not happen in the future" cannot serve as a basis for a valid claim. *Dawson v. Frias*, 2010 WL 1379894 (D.N.J. Mar. 30, 2010).

It appears from the allegations in the Complaint, that Plaintiff was never subjected to actual physical harm by other inmates. Further, Plaintiff is not claiming that he suffered emotional harm from the alleged harassment. Arguing that verbal harassment, standing alone, does not constitute cruel and unusual punishment, *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000), Defendants contend that this conduct does not rise to the level of a constitutional infraction. The Court agrees and finds that Plaintiff may not maintain a cause of action against Defendants under the Eighth Amendment based on verbal harassment and a threat of future harm.

Furthermore, in the alternative, to the extent that the other inmates' alleged actions are sufficient to state an Eighth Amendment claim, the Court finds that by the Complaint's own description of events, Warden Elbel did not act with deliberate indifference to Plaintiff's reports of harassment and threats of physical harm. Warden Elbel twice offered Plaintiff protective custody and Warden Elbel punished the other inmates for their conduct towards Plaintiff.

Additionally, in his letter supplement, Plaintiff complains that he was housed with an inmate who was on "protective custody" although he "was doing time for being wrote up . . . ." ECF No. 4. This bald assertion is woefully short on details and is made without any support or specifics. The Court finds that this bare allegation without more is implausible and conclusory. The factual allegation simply does not "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

The Court finds that the Complaint fails to satisfy the necessary elements to support a failure to protect claim and that a curative amendment would be futile. Accordingly, it is recommended that this claim be dismissed.

2.      Eighth Amendment Conditions of Confinement Claim

The Complaint sets forth a laundry list of objections Plaintiff has with respect to numerous conditions of his confinement in Jefferson County Jail. Plaintiff's allegations will be addressed seriatim.

First, the Complaint states that that the Jail's Foxtrot block has one toilet, one shower, and two sinks for twenty-two (22) inmates, which violates the Eighth Amendment prohibition against cruel and unusual punishment. Defendants argue that Shepler's claims do not rise to the level of deliberate indifference.

The critical issue for Eighth Amendment purposes "is not the number of prisoners who share facilities, it is whether the alleged overcrowding has somehow harmed the prisoner." *Lindsey v. Shaffer*, 411 F. App'x 466 (3d Cir. Feb. 11, 2011). Viewing the facts in a light most favorable to Plaintiff, the Court finds that, while the conditions on the Foxtrot block were unpleasant, the allegations of the Complaint do not demonstrate that Plaintiff's exposure to the

conditions on the Foxtrot block caused him any serious or significant harm and, thus, were not sufficient to constitute a constitutional violation. *Rhodes*, 452 U.S. at 347.

Next, Plaintiff alleges that his Eighth Amendment rights were violated when was housed in the Foxtrot day room for six (6) weeks, although there were open cells available. Plaintiff alleges his housing in the day room amounts to cruel and unusual punishment "due to noise levels and lack of privacy." ECF No. 18. Clearly, being housed in the day room resulted in unpleasant living conditions for Plaintiff. However, the Complaint states that Plaintiff was housed in the day room for a temporary six-week period. Given the temporary length of time Plaintiff was housed in the day room, the standards announced in *Lindsey*,[7] and the failure of the Complaint to assert that Plaintiff suffered any harm due to being housed in the day room, the Court finds that being temporarily housed in the day room does not implicate the level of serious deprivation of basic human needs required to set forth an actionable claim.

Third, the Complaint states that Plaintiff believes he could have been exposed to disease, including HIV, as a result of the Jail's unsanitary procedure for sanitizing, storing and disposing of razors and nail clippers. A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff states that he developed a staph infection, which he surmises was a result of using "nail clippers and razors not being sterilized properly, stored properly, or disposed of properly." ECF No. 18. Neither the Complaint nor its Exhibits provide any detail as to when

---

[7] In *Lindsey*, the prisoner plaintiff sought relief on the grounds that he was forced to sleep on a mattress on the floor of his cell and had to share a toilet with the other inmates in his housing unit for a six to seven week period. The Court of Appeals affirmed the dismissal of the case noting that the prisoner had not provided evidence that he had been denied a sanitary living environment.

Plaintiff developed the staph infection or where on his body he had the staph infection. The Court recommends that Plaintiff be permitted leave to amend his Complaint to cure this aspect of his initial pleading.

Fourth, according to the Complaint, rolls of toilet paper and fresh bar soap were distributed only on a weekly basis. Plaintiff contends that the distribution should be more frequent. Lengthy deprivation of personal hygiene items may constitute a constitutional violation, depending, obviously, upon the extent of the violation and the nature of the items withheld. For instance, continued deprivation of soap and a toothbrush may rise to the level of a constitutional violation. *See McCray v. Burrell*, 516 F.2d 357, 367 (4th Cir. 1975) (considering soap and a toothbrush as "essential articles of hygiene"). In determining whether a prisoner has suffered a deprivation, courts may consider the length of time that the prisoner was without the items. *Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982) (citing *Hutto v. Finney*, 437 U.S. 678, 685 (1978)) (finding that "[i]n considering whether a prisoner has been deprived of his rights, courts may consider the length of time that the prisoner must go without these benefits. The longer the prisoner is without such benefits, the closer it becomes to being an unwarranted infliction of pain."); *see also Castro v. Chesney*, 1998 WL 767467, at *6 (E.D. Pa. Nov.3, 1998) (quoting *Hutto*, 437 U.S. at 685).

In the instant case, Plaintiff does not contend that he was ever without personal hygiene items; rather, he takes issue with having to wait a week for the distribution of fresh items. The Court finds that this allegation fails to support a claim. *See Matthews v. Murphy,* 956 F.2d 275 (Table) (9th Cir.1992) (finding no Eighth Amendment violation where inmate was deprived of towel, toothbrush, toothpaste, and soap for thirty-four days); *Harris v. Fleming*, 839 F.2d 1232, 1235–36 (7th Cir.1988) (holding no constitutional violation where inmate not given soap,

toothpaste, or toothbrush for ten days); *Castro v. Chesney*, 1998 WL 767467 (E.D. Pa. Nov.3, 1998) (finding that the deprivation of towels, soap, a toothbrush or toothpaste for two-day period was not sufficiently serious to rise to the level of a constitutional violation); *Dumas v. Pennsylvania Dep't of Corr.,* 2007 WL 1276908 (W.D. Pa. Apr.30, 2007) (concluding no constitutional violation where plaintiff alleges he was in filthy conditions for only three weeks).

Fifth, the Complaint states that Plaintiff had to stand at attention at roll call, which he finds objectionable. The Complaint sheds no light as to how or why this policy contravenes Plaintiff's constitutional rights. As explained by the Court of Appeals for the Third Circuit, "the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage [ ]' but . . . 'calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips,* 515 F.3d at 230–34 (internal citations omitted). In this case, Plaintiff has not presented any facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Accordingly, the Complaint fails to state a claim with respect to this allegation. *Contra Daker v. Ferrero*, 475 F. Supp.2d 1325 (N.D. Ga. 2007 (wherein plaintiff prisoner alleged that policy requiring inmate to stand at attention violated his First Amendment rights by compelling him to speak against his religious and political beliefs).

Sixth, the Complaint describes an incident which occurred while Plaintiff was assigned to the jail's cleaning staff. Another inmate lost control of his bowels in the kitchen area and Plaintiff, as a member of the night cleaning crew, was assigned to clean up the area. Plaintiff alleges that he was not provided any protective clothing. ECF No. 3. Neither the Complaint nor any of the supplements, however, allege that Plaintiff has suffered any injury as a result of this

alleged unhygienic practice. Thus, the Court finds that the Complaint fails to state a claim with regard to this allegation.

Plaintiff's seventh allegation involves complaints about the Jail's mandatory recreation yard, which allegedly has no running water and no restroom facilities. ECF No. 3. The letter supplement is woefully deficient as to facts supporting this claim. It fails to set forth factual allegations sufficient to meet either the first element - that Plaintiff was deprived of "the minimal civilized measure of life's necessities" - *Hudson*, 503 U.S. at 9, or the second element - deliberate indifference on the part of defendants. While under certain circumstances the denial of water or access to toilet facilities may give rise to an Eighth Amendment claim, *see e.g. Young v. Quinlan*, 960 F.2d 351 (3d Cir. 1992); *Stewart v. Varano*, 2011 WL 3585409 (M.D. Pa. Aug. 15, 2011), the duration of the lack of access and the health threats that are imposed are critical factors in an analysis of an Eighth Amendment claim. *See Biggins v. Snyder*, 2000 WL 1239992 (D. Del. Aug. 24, 2000) (citing *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir.1996); *Young v. Quinlan*, supra). The Court recommends that Plaintiff be permitted leave to amend his Complaint to cure this aspect of his initial pleading.

3,      Claim Against "Jefferson County Jail Board Member"

Plaintiff is required to satisfy two requirements to state a § 1983 claim against an individual. First, the complaint must allege that plaintiff was deprived of a federally protected right. Second, plaintiff must allege that the person who deprived plaintiff of the federally protected right acted under the color of state law. *Gomez v. Toledo,* 446 U.S. 635, 638 (1980).

To establish personal liability against a defendant in a §1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. *Rizzo v. Goode,* 423 U.S. 362 (1976). Accordingly, individual

liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. *Rode*, 845 F.2d at 1207.

In the instant case, Plaintiff seeks to hold Defendant Jail Board Member Moon liable because the Board Member failed to respond to a letter allegedly sent to him by Plaintiff. There are a couple of fatal problems with this allegation. First, the Complaint fails to identify the subject, substance, or date of the letter. The mere allegation that an inmate wrote a letter to a Prison Board member and the Board Member did not respond to the inmate is insufficient to state a claim under *Iqbal* and *Twombly*.

Next, as noted *supra*, an Eighth Amendment claim requires allegations that the defendant knew of, and disregarded, an excessive risk to inmate health and safety. The Complaint fails to allege that the Jail Board Member engaged in any personal wrongdoing. The mere fact that Plaintiff may have written a letter to a prison board member, does not make the board member personally liable for the actions of persons at the jail. Such bald allegations are not sufficient to state a claim.

Consequently, the Court recommends that the claims against this Defendant be dismissed with prejudice.

### D.    Futility

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). A district

court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

As discussed *supra*, the Court recommends that Plaintiff be granted leave to amend his Complaint, if he so chooses, in two respects. **If Plaintiff chooses to file an amended complaint, he should plead sufficient facts to state an Eighth Amendment claim <u>only</u> with respect to the following two allegations: (i) that he developed a staph infection as a result of using improperly sanitized razors and nail clippers and (ii) that he was denied access to water and restroom facilities during mandatory recreation time.** If Plaintiff fails to amend his Complaint within thirty (30) days, it is recommended that the Partial Motion to Dismiss be granted with prejudice in its entirety.

## II.     Conclusion

For the reasons stated above, it is respectfully recommended that the Partial Motion to Dismiss filed by Defendants be granted with prejudice with respect to Plaintiff's failure to protect claim and granted without prejudice with respect to Plaintiff's condition of confinement claim. It is further recommended that Plaintiff be given thirty (30) days to amend his complaint. If Plaintiff fails to amend his complaint, it is recommended that Defendants' partial motion to dismiss be granted with prejudice in its entirety.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until **December 30, 2013,** to file Objections to this Report And Recommendation. Any party opposing the

objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

Dated: December 11, 2013

cc:    SHANE LEE SHEPLER
KX 8935
SCI Albion
10745 Route 18
Albion, PA 16475-0002

Marie Milie Jones
JonesPassodelis, PLLC
Email: mjones@jonespassodelis.com

Michael R. Lettrich
JonesPassodelis PLLC
Email: mlettrich@jonespassodelis